IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARY ANN SPARKS                                                             PLAINTIFF

v.                      CIVIL NO.08-5121

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                  DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Mary Ann Sparks, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (Commissioner). Defendant has filed a motion to dismiss plaintiff's claim on the ground that it is barred by the time limitation specified in 42 U.S.C. § 405(g).

Plaintiff protectively filed an application for disability insurance benefits (DIB) and supplemental security income (SSI). Benefits were denied initially and on reconsideration. Following an administrative hearing, benefits were denied by an Administrative Law Judge in a decision dated May 14, 2007. Plaintiff subsequently appealed the ALJ's unfavorable decision to the Appeals Council who denied her request for further review on March 14, 2008, making the ALJ's decision the final decision of the Commissioner. (Doc. #1, Exh. 1). On May 20, 2008, plaintiff commenced this action, nunc pro tunc, in the federal district court requesting review of the Commissioner's unfavorable decision. (Doc. # 1.)

The defendant asserts that plaintiff's complaint fails to state a claim upon which relief can be granted since it was not filed within the time limitation specified in 42 U.S.C. § 405(g), which requires that a civil action be commenced within 60 days after the date of mailing to the plaintiff of

notice of the final decision of the Commissioner of Social Security, or within any time as extended by the Appeals Council of the Social Security Administration.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Supreme Court has specifically held that § 405(h) prevents review of the Secretary's decisions except as provided in § 405(g) of the Act. *Sheehan v. Secretary of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979) (*citing Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). Section 405(g) provides in pertinent part:

> Any individual, after a final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Accordingly, the final decision of the Commissioner is binding unless the claimant files an action in a Federal district court within 60 days after receipt of the notice of the Appeals Council's decision. *See also* 20 C.F.R. §§ 404.981, 422.210. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c).

The Supreme Court, in *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S.Ct. 2022 (1986), ruled that the 60 day time period specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is a period of limitation, which in a rare case can be tolled by the Commissioner or the courts. The Eighth Circuit has upheld the 60 days time limitation. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988)(per curiam).

Here, the Appeals Council's decision denying plaintiff's request for review is dated March

14, 2008. Under the regulations receipt of the notice would be presumed five days thereafter, on March 19, 2008, and there has been no reasonable showing made to the contrary. Thus, to be considered timely, plaintiff must have commenced his civil action on or before May 19, 2008. Plaintiff's complaint in this case was filed *nunc pro tunc* on May 20, 2008. Plaintiff's counsel contends that the complaint was not timely filed because she underwent back surgery in March 2008 after which she was out of the office for 2 months. However, because this did not involve misleading or fraudulent conduct by someone other than the plaintiff, we do not find equitable tolling to be applicable. *See Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988). As such, there are no extraordinary circumstances present in this case to justify extending the 60 day period. Therefore, we find that plaintiff's compliant fails to state a claim upon which relief can be granted and recommend that this action be dismissed with prejudice.

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of December 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE